JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                               Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|     Kelly Davis     |     N/A     |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                    Not Present

**PROCEEDINGS:    (IN CHAMBERS)  ORDER (1) DENYING MOTION TO
REMAND (Doc. 17) AND (2) GRANTING MOTION TO
DISMISS (Doc. 15)**

Before the Court are a Motion to Remand filed by Plaintiff Luis Hernandez and a Motion to Dismiss filed by Defendant Pacific Bell Telephone Company.  (MTR, Doc. 17; MTD, Doc. 15.)  Defendant opposed the Motion to Remand, and Plaintiff replied; Plaintiff opposed the Motion to Dismiss, and Defendant replied.  (Opp. to MTR, Doc. 19; Reply for MTR, Doc. 23; Opp. to MTD, Doc. 20; Reply for MTD, Doc. 22.)  Having taken these matters under submission, and for the following reasons, the Court DENIES Plaintiff's Motion to Remand and GRANTS Defendant's Motion to Dismiss.

**I.    BACKGROUND**

On September 8, 2025, Plaintiff Jose Luis Hernandez filed this putative class action in Los Angeles County Superior Court.  (Ex. A to NOR, Compl., Doc. 1-1.)  Plaintiff, who has been employed by Defendant since 1999, alleges that the "action arises out of . . . Defendants' failure to pay their employees a fixed relief differential of ten dollars ($10.00) a day."  (*Id.* ¶¶ 1, 4.)  Specifically, Plaintiff asserts that a "contract between [Defendant] and communications workers of America" provides as follows:

---

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                          Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

> A fixed relief differential of ten dollars ($10.00) a day will be paid to any employee in any title who, in addition to normal duties or in the performance of new assignment, temporarily relieves or assists a manager for a quarter tour or more.  The assignment may involve planning, distributing, directing, coordinating, and training responsibilities other than induction o[r] orientation. . . .

(*Id.* ¶ 10.)  Plaintiff alleges that he "has been involved in training new employees, which can last between 2–3 years."  (*Id.* ¶ 11.)  Thus, pursuant to this contract, "[t]he company should be paying $10.00 per day for conducted training of new employees," but "Defendants failed to pay Plaintiff and Class members for all earned wages."  (*Id.* ¶¶ 12–13.)  Thus, Plaintiff brings claims on behalf of himself and all others similarly situated, defined as "[a]ll current or former employees of Defendants who worked in California who were involved in training activities in addition to their normal duties," for (1) failure to pay all overtime and double time wages in violation of California Labor Code §§ 510 and 1194; (2) failure to pay all wages owed every pay period in violation of California Labor Code § 204; (3) failure to furnish timely and accurate wage statements in violation of California Labor Code §§ 226 and 226.3; (4) failure to pay all wages due at separation in violation of California Labor Code § 203; and (5) violation of California's Unfair Competition Law ("UCL").  (*See* Compl.)

Defendant was served on September 23, 2025, and removed the action to federal court on October 22, 2025, invoking this Court's federal question subject matter jurisdiction.  (*See* NOR, Doc. 1.)  Defendant argues that the action is "based entirely on an alleged violation" of the collective bargaining agreement ("CBA") between Defendant and the Communications Workers of America, a union representing Plaintiff.  (*Id.* ¶ 18.)  Defendant therefore contends that Plaintiff's claims are completely preempted by Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                          Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), giving rise to federal question jurisdiction.  (*Id.* ¶¶ 17–21.)  Defendant also filed a motion to dismiss on November 20, 2025, arguing that because Plaintiff's claims are preempted by the LMRA, and because Plaintiff failed to exhaust the procedures set forth in the CBA, his claims should be dismissed.  (*See generally* MTD.)

On November 20, 2025, Plaintiff filed a motion to remand, arguing that this Court lacks subject matter jurisdiction because the LMRA does not preempt his state law claims.  (*See generally* MTR.)

## II.     LEGAL STANDARD

### A.     Federal Jurisdiction Under the LMRA

Defendants may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The removal statute is to be strictly construed against removal jurisdiction, and the party seeking removal bears the burden of establishing its propriety.  *See, e.g.*, *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  "To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand."  *Langston v. 20/20 Companies, Inc.*, 2014 WL 5335734, at *2 (C.D. Cal. Oct. 17, 2014) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal."  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (cleaned up).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (cleaned up).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                         Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  However, "there is a corollary to the well-pleaded complaint rule under the complete preemption doctrine, applied primarily under § 301 of the LMRA."  *Stearns v. Davis Wire Corp.*, 2016 WL 3008167, at *2 (C.D. Cal. May 23, 2016) (cleaned up).

Even when only state law claims have been pleaded, "complete pre-emption" is a sufficient basis for removal.  *Caterpillar*, 482 U.S. at 393.  And Section 301 of the LMRA is a federal statute that has complete preemptive force.  *Id.* at 393–94; *see also Associated Builders & Contractors, Inc. v. Loc. 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1356 (9th Cir. 1997) (explaining that Section 301 "preempts any state cause of action based on a collective bargaining agreement or whose outcome depends on analysis of the terms of the agreement" and "has been construed quite broadly to cover most state-law actions that require interpretation of labor agreements").  "The Supreme Court decided early on that in enacting this statute, Congress charged federal courts with a mandate to fashion a body of federal common law to be used to address disputes arising out of labor contracts."  *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (cleaned up).  "The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization."  *Id.* (cleaned up).  Thus, once preempted under LMRA § 301, any claim purportedly based on state law is "considered, from its inception, a federal claim, and therefore arises under federal law."  *Caterpillar*, 482 U.S. at 393.

Courts in the Ninth Circuit use a two-step analysis to determine whether claims are preempted under Section 301.  First, the court evaluates the "'legal character' of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                    Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself"—*i.e.*, whether the CBA is "'only source' of the right the plaintiff seeks to vindicate." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc) (cleaned up).  The question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside*, 491 F.3d at 1059.  "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id.*  "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." *Alaska Airlines*, 898 F.3d at 921 (cleaned up).  At the same time, claims "style[d] as state law claims" can still be preempted by the LMRA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019).  "Artful pleading cannot sidestep Section 301 preemption." *Loaiza v. Kinkisharyo Int'l, LLC*, 2020 WL 5913282, at *4 (C.D. Cal. Oct. 6, 2020).

Second, if the court determines that the claim is not grounded in a CBA, it "must still consider whether [the claim] is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Burnside*, 491 F.3d at 1059 (cleaned up).  A state law right is "substantially dependent" on the terms of a CBA if a court must interpret, as opposed to merely "look to," the collective bargaining agreement to resolve the plaintiff's claim. *Id.* at 1060.  In this context, "interpretation" is "construed narrowly" and a state claim may "avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." *Curtis*, 913 F.3d at 1153.  "[C]laims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Id.* (quoting *Alaska Airlines*, 898 F.3d at 921).  If "resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language—for example, to discern that none of its terms is reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                              Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

waiver of state law rights"—that is not enough for preemption.  *Alaska Airlines*, 898 F.3d at 922 (cleaned up).

When applying this two-step analysis, the Court may consider documents that are extrinsic to the complaint.  *See Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1097 (N.D. Cal. 2014) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) ("Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims.").[1]

**B.      Motion to Dismiss**

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the

---

[1] Defendant requests judicial notice of the CBA and Plaintiff does not oppose the request or question the authenticity of the document.  (RJN, Doc. 16; *see* Opp. to MTD ("The court may notice the existence of the CBAs[.]").)  Accordingly, pursuant to Federal Rule of Evidence 201, the Court grants Defendant's request and takes judicial notice of the CBA.  (*See* Ex. A to RJN, CBA, Doc. 16-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                          Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (cleaned up).  Yet a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g.*, *id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

When courts find that a complaint fails to state a claim, they are to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (indicating that leave to amend is granted with "extreme liberality").  But Rule 15's "liberality does not apply when amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).  A proposed amendment is futile if "no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005).

## III.   ANALYSIS

### A.   LMRA Preemption

Plaintiff alleges that Defendant violated the California Labor Code and the UCL by failing to pay Plaintiff and other similarly situated employees who performed training responsibilities the "fixed relief differential" of ten dollars per day set by the CBA.  (*See generally* Compl.)  Plaintiff argues that, under the first *Burnside* step, the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                                      Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

Labor Code furnishes the independent right for Plaintiff to be paid the CBA's "fixed
relief differential" as a wage.  (MTR at 14–17; Opp. to MTD at 13–16.)  Assuming
without deciding that Plaintiff is correct on this point, Plaintiff's claim to the "fixed relief
differential" will still be "substantially dependent" on interpreting the terms of the CBA.
*Burnside*, 491 F.3d at 1059.  Thus, the Court concludes that under the second *Burnside*
step, Plaintiff's claims are preempted by the LMRA.

As discussed above, the LMRA may preempt state law claims under the second
*Burnside* step when "litigating the state law claim . . . requires interpretation of a CBA,"
*Alaska Airlines*, 898 F.3d at 921—that is, where the claim is "substantially dependent" on
an analysis of the CBA, *Burnside*, 491 F.3d at 1060.  "Interpretation" is construed
narrowly in this context: for the claim to be preempted, there has to be an "active
dispute" over the meaning of the CBA's terms.  *Alaska Airlines*, 898 F.3d at 921–22.
Interpreting the CBA "means something more than" merely "looking to," "considering,"
"referring to," or "applying" the CBA.  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832
F.3d 1024, 1033 (9th Cir. 2016) (citations modified).

Citing to *Kobold*, Defendant argues that litigating Plaintiff's state law claims will
require interpretation of the CBA.  832 F.3d 1024 (9th Cir. 2016).  In *Kobold*, the
plaintiff was a nurse whose employment was subject to a CBA, which provided that
nurses who work extra shifts would receive premium pay rather than regular pay.  *Id.* at
1034.  However, the CBA also provided that nurses would not receive premium pay
"when there is a change of schedule agreed upon by the Medical Center and nurse."  *Id.*
at 1036.  Kobold signed up to work certain vacant shifts and received only regular pay.
*Id.* at 1034.  Kobold then sued under Oregon state law for failure to pay wages owed,
alleging that she had not received the premium pay to which she was entitled under the
CBA.  *Id.* at 1035.  The Ninth Circuit reasoned that, under the second *Burnside* step,
Kobold's claims were preempted because they required a determination of whether her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                          Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

work qualified her for premium pay.  *Id.* at 1035–36.  The Ninth Circuit explained that a court must interpret the meaning of the CBA terms "change of schedule" and "agreement" before deciding whether Kobold was entitled to premium pay, so Kobold's state law claims were preempted by the LMRA.  *Id.* at 1036.

Similarly, here, Plaintiff's California Labor Code claims for failure to pay wages require determining the wages Plaintiff is owed.  This in turn requires evaluating the extent to which Plaintiff is entitled to the "fixed relief differential" of ten dollars per day in the CBA.  Just as determining the amount of premium pay Kobold was due turned on whether she had agreed to a "change of schedule" as defined in the CBA, determining the total amount of "fixed relief differential" Plaintiff is due turns on whether he "temporarily reliev[ed] or assist[ed] a manager" in performing "training" or other assignments as defined in the CBA.  (CBA § 5.02.)  Importantly, the CBA does not clearly define "training responsibilities" or "temporary relief or assistance"—Section 5.02 of the CBA states only that qualifying assignments may include "training responsibilities other than induction or orientation," leaving open the question of whether other activities may constitute training.  (*Id.*)  Thus, deciding whether Plaintiff has performed a qualifying activity requires more than merely "looking to" the CBA and routinely applying its terms.  *Cf. Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994) (reasoning that merely consulting the CBA for terms whose meanings are not in dispute, like terms defining the rate of pay, would not warrant preemption (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 286 U.S. at 413, n.12)).  Rather, to determine whether Plaintiff and other class members, "in addition to normal duties or in the performance of a new assignment, temporarily relieve[d] or assist[ed] a manager," which "may involve . . . training responsibilities" (CBA § 5.02), a court must interpret the meaning of these all terms within the CBA.  *See Kobold*, 832 F.3d at 1036 ("The GS CBA does not directly and clearly explain what constitutes a 'change of schedule,' nor how an agreement between Good Samaritan and a nurse is to be made. . . .  Ultimately, then, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                                     Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

court must interpret the meaning of the agreement exception to resolve Kobold's state law claims[.]").

Plaintiff argues that "'[t]raining' is a common term with a common meaning: instructing a new employee in how to perform the job," and that no interpretation of the term would therefore be required.  (Opp. to MTD at 21.)  But Plaintiff's proffered definition only exposes the term's ambiguous nature.  Even under this definition, a court must interpret the meaning of "instructing," and how long an employee remains "new" such that instruction counts as training, to decide whether to credit, for instance, Plaintiff's contention that "training new employees . . . can last between 2–3 years." (Compl. ¶ 11.)  Because all of Plaintiff's claims rely on his contention that he was entitled to a "fixed relief differential" under Section 5.02 of the CBA, which requires interpretation of the terms within Section 5.02, all of his claims are preempted by the LMRA.

Accordingly, this Court possesses federal question jurisdiction over this action. *See Caterpillar*, 482 U.S. at 393.

### B.    Dismissal

"[F]ederal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1086 n.7 (9th Cir. 2025) (quoting *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965)).  Where a state law claim is preempted by the LMRA, "the exhaustion requirement applies to the converted claim," requiring "the dismissal of the federal claims." *Id.*; *see also Alaska Airlines*, 898 F.3d at 920 ("In evaluating . . . LMRA § 301 preemption, we are guided by the principle that if a state law claim 'is either

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10157-JLS-SSC                                    Date: February 23, 2026
Title:  Luis Hernandez v. Pacific Bell Telephone Company et al

grounded in the provisions of the labor contract or requires interpretation of it,' the dispute must be resolved through grievance and arbitration." (internal citation omitted)).

Here, the CBA provides for a grievance and arbitration procedure.  (CBA § 7.)  As discussed above, all Plaintiff's claims substantially depend upon the CBA and therefore are preempted by the LMRA; however, Plaintiff does not allege that he exhausted the procedures detailed in the CBA.  Accordingly, Plaintiff's claims must be dismissed.  *See Kobold*, 832 F.3d at 1036–37; *Lee v. AT&T Servs., Inc./Pac. Bell*, 2018 WL 5849936, at *8 (C.D. Cal. Sept. 24, 2018).  Because Plaintiff, in opposition to Defendant's motion to dismiss, does not deny that he has failed to exhaust the procedures required under the CBA, the Court concludes that amendment would be futile.  *See Corlew v. Superior Duct Fabrication, Inc.*, 2022 WL 17834201, at *9 (C.D. Cal. Dec. 21, 2022) (Staton, J.).  Accordingly, Plaintiff's claims are DISMISSED WITHOUT LEAVE TO AMEND.

## IV.    <u>CONCLUSION</u>

For the above reasons, Plaintiff's Motion to Remand is DENIED, and Defendant's Motion to Dismiss is GRANTED.  All claims in this action are DISMISSED WITHOUT LEAVE TO AMEND.

Initials of Deputy Clerk: kd